Michael O. Stevens, OSB No. 095198
michael@hillsborofirm.com
STEVENS & LEGAL, LLC
3699 NW John Olsen Place
Hillsboro, OR 97124
Tel: (971) 533-6178
Fax: (971) 228-2608
Attorney for Plaintiff Edward Gross

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| EDWARD GROSS,<br><br>                Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>                Defendant. | **COMPLAINT FOR:**<br><br>   **(1) Breach of Contract**<br>   **(2) Breach of Covenant of Good Faith and Fair Dealing**<br>   **(3) Intentional Infliction of Emotional Distress**<br>   **(4) Intentional Interference with Contractual Relations**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Edward Gross ("Plaintiff"), alleges as follows:

**JURISDICTION AND VENUE**

1. Diversity jurisdiction is pursuant to 28 U.S.C. § 1332.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as substantial portions of the events occurred within the State of Oregon.

## PARTIES

3. Plaintiff, Edward Gross, is currently domiciled in Curry County, Oregon.

4. Defendant Progressive Casualty Insurance Company ("Defendant") is an Ohio Corporation with its principal place of business in Ohio, but which purposely and continuously conducts business throughout the State of Oregon and which maintains an office in Tigard, Oregon.

5. This action arises out of events concerning property damage claims made by Plaintiff on his automobile insurance policy with Defendant, which the incidents occurred in several counties in Oregon and in several other states.

6. The first occurrence related to damage done to Plaintiff's recreational vehicle in Missouri on or about September 12, 2015.

## FACTUAL BACKGROUND

7. At all material times, Defendant operated an insurance company.

8. On or about August 25, 2015, Plaintiff obtained a recreational vehicle insurance policy from Defendant, policy no. 41737340-0, to cover his 1997 Dolphin recreational vehicle ("Subject RV") issued in Indiana.

9. On or about September 12, 2015, Plaintiff and his family were traveling on Interstate 70 in Missouri when the Subject RV broke down.

10. Plaintiff then utilized his roadside assistance with Defendant and obtained a tow through Defendant's agent. However, the towing of the Subject RV was negligently done, causing property damage to the Subject RV.

11. Defendant then failed to compensate Plaintiff for all of the damages to the Subject RV that were covered under the policy.

12. Defendant and its agents then over the course of many months continued to deny the claims, as well as subsequent claims based on damages incurred during the

inspection process of the Subject RV concerning the original damages incurred on or about September 12, 2015.

13. In general, and occurring in several states across the country, Defendant's agents went on an intentional campaign against Plaintiff to interfere with his life and ability to obtain the repairs to the Subject RV. Defendant's agents went so far as to deny a second attempt to obtain roadside assistance and to cause Plaintiff to be removed from at least one recreational vehicle park on the Oregon Coast.

14. These actions by Defendant not only breached the contract, but breached Defendant's implied duty of good faith and fair dealing, as well as intentional caused emotional distress and intentional interfered with Plaintiff's economic relations with others, such as the recreational vehicle park.

15. The stress of these tortious acts by Defendant also led to the need to take Plaintiff's minor child to the hospital, where medical expenses were incurred.

## FIRST CAUSE OF ACTION

### Breach of Contract

16. The allegations of paragraphs 1-15, above, are incorporated herein by reference.
17. Plaintiff either performed or substantially performed all of his duties under the insurance policy with Defendant.
18. Defendant breached the insurance policy, a contract, with Plaintiff by failing to settle with Plaintiff for the damages outlined above despite the fact the damages were due to a covered loss and in failing to act in good faith to promptly resolve the claims. It has been more than six months since the property damage claim was submitted by Plaintiff to Defendant. These were material terms to the contract that Defendant breached, and/or were duties required by law.
19. Plaintiff has suffered property damages in an amount to be proven at trial, not to exceed $25,000 as a direct and proximate result of Defendant's breaches of

contract. Plaintiff is also entitled to reasonable attorney's fees under ORS §742.061.

## SECOND CAUSE OF ACTION

### Breach of Covenant of Good Faith and Fair Dealing

20. The allegations of paragraphs 1-19, above, are incorporated herein by reference.

21. Under Indiana law, an insurer has a legal duty, implied in all insurance contracts, to deal in good faith with its insured. *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37 (Ind. 2002).

22. Defendant's agents acted with malice and against the duty of good faith and fair dealing when their actions led directly to the removal of Plaintiff from at least one recreational vehicle park.

23. Defendant has further breached the duty of good faith and fair dealing by refusing to pay all property damage claims, and by instead hinting and suggesting that Plaintiff is or has attempted to commit insurance fraud despite its possession of documents that illustrate there has been no fraud.

24. As a direct result of the above described incidents, Plaintiff sustained serious, lasting and persistent mental and emotional suffering, depression, anxiety, isolation, inconvenience, and interference with his normal and usual activities, all to his non-economic harm in an amount to be determined by the jury to fairly and justly compensate him in accordance with Oregon law, not to exceed $225,000.

## THIRD CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

25. The allegations of paragraphs 1-24, above, are incorporated herein by reference.

26. Defendant's agents intentionally contacted recreational vehicle parks where Plaintiff was staying and presented Plaintiff, their customer, in a bad light that led directly to Plaintiff being told to leave such parks on at least one occasion.

27. Defendant intended to inflict severe emotional distress, or had knowledge such distress was substantially certain due to its conduct, upon Plaintiff arising out of the claims listed above. These acts by Defendant were the direct and legal cause of the severe emotional distress suffered by Plaintiff as outlined above. These acts described above by Defendant constitute an extraordinary transgression of the bounds of socially acceptable conduct by any insurance company towards its insured, Plaintiff.

28. These intentional actions by Defendant directly caused the emotional injuries to Plaintiff as described above in paragraph 24.

## FOURTH CAUSE OF ACTION
### Intentional Interference with Contractual Relations

29. The allegations of paragraphs 1-28, above, are incorporated herein by reference.

30. Plaintiff had a valid contract with one or more recreational vehicle parks in which Plaintiff paid rent to the park in order to stay at the park.

31. Defendant knew this or should have known this when its agents contacted said park.

32. Defendant then intended to disrupt the performance of this contract, and then did disrupt the performance by forcing Plaintiff to leave said park, which harmed Plaintiff economically by forcing him to relocate and non-economically via emotional distress.

33. These acts by Defendant were a substantial factor in causing the harms to Plaintiff as described above in paragraph 24.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court enter a judgment against the Defendant as follows:

A. For an award of economic damages in an amount of at least $25,000, or in such greater amount as may be proven at trial;

B. For an award of noneconomic damages in an amount not to exceed $225,000, or in such greater amount as may be proven at trial;

C. For an award of punitive damages in an amount of at least $500,000, or in such greater amount as may be proven at trial;

D. For an award of his costs and disbursements incurred herein;

E. For an award of his reasonable attorneys' fees incurred herein; and

F. For such other and further relief as the Court determines to be just and proper in under the circumstances.

Dated:  May 25, 2017                    Respectfully submitted,

                                        By: /s/ Michael O. Stevens
                                        Michael O. Stevens, OSB No. 095198
                                        michael@hillsborofirm.com
                                        Attorney for Plaintiff
                                        Edward Gross